```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         EASTERN DIVISION
```

_____

TERRY LEE CLIFTON,                )
                                  )
            Petitioner,           )
                                  )
vs.                               )         No. 1:11-1347 JDB-egb
                                  )
JOE EASTERLING,                   )
                                  )
            Respondent.           )
_____

```
         ORDER GRANTING PLAINTIFF'S MOTION TO AMEND,
                      (DOCKET ENTRY 22)
          GRANTING RESPONDENT'S MOTION TO DISMISS,
                      (DOCKET ENTRY 24)
                      ORDER OF DISMISSAL,
               DENYING REMAINING MOTIONS AS MOOT,
                  (DOCKET ENTRIES 33, 34, & 36)
             DENYING A CERTIFICATE OF APPEALABILITY,
       CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
                               AND
         DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
```
_____

On October 28, 2011, Petitioner, Terry Lee Clifton, Tennessee Department of Correction ("TDOC") prisoner number 100826, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee. (Docket Entry ("D.E.") 1.) Clifton alleges that the Tennessee Board of Probation and Parole ("BOPP") denied him due process during his

1

parole revocation hearing on March 31, 2011. (Id.) On November 10, 2011, United States District Judge Todd J. Campbell transferred the petition to the Western District of Tennessee. (D.E. 6.)

On October 28, 2011, Petitioner filed a motion to proceed *in forma pauperis* which the Court granted on November 10, 2011. (D.E. 3, 8.) On April 13, 2012, the Court issued an order directing Warden Joe Easterling to respond to the petition. (D.E. 15.) On May 14, 2012, the inmate filed a motion to amend his petition. (D.E. 22.) The motion to amend is GRANTED.

On June 21, 2012, Respondent moved to dismiss the petition as procedurally defaulted, along with a supporting memorandum, to which Clifton responded on August 6, 2012. (D.E. 24, 27, 30.) On January 2, 2013, Petitioner filed a motion for a complete and certified copy of his parole files. (D.E. 33.) On January 7, 2013, Clifton submitted a motion for an order to show cause and on March 4, 2013, he asked that this matter be set for a hearing and ruling. (D.E. 34, 36.)

## Procedural History

A Madison County jury convicted Petitioner of grand larceny and found him to be a habitual criminal. The trial court sentenced him on September 20, 1983, to life imprisonment. (D.E. 1 at 1.) The Tennessee Court of Criminal Appeals affirmed his conviction in an unreported opinion styled State v. Clifton,

2

released on May 31, 1984. *See* State v. Clifton, C.C.A. No. 8, 1986 WL 2308 at *1 (Tenn. Crim. App. Feb. 19, 1986).

Clifton filed a petition for post-conviction relief, which the trial court denied and the Tennessee Court of Criminal Appeals affirmed. Id. Petitioner filed a petition for a writ of habeas corpus which the state trial court denied. The Court of Criminal Appeals affirmed the decision and the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Clifton v. State, No. W2004-01385-CCA-R3-HC, 2005 WL 1363104 (Tenn. Crim. App. June 9, 2005), *app. denied* (Tenn. Nov. 28, 2005).

On March 10, 2010, Clifton was released on parole. (D.E. 27-1 at 2.) On April 12, 2010, the Appellate Court Cost Center informed Petitioner that he owed $124.10 in outstanding court costs. (D.E. 1 at 57; D.E. 27-1 at 3.)

On July 23, 2010, the BOPP issued a parole violation report and warrant alleging that Petitioner had violated his parole by engaging in assaultive, abusive, threatening, or intimidating behavior. (D.E. 27-1 at 4-6.) After several continuances, the BOPP conducted a parole violation hearing on March 31, 2011. (D.E. 27-1 at 8-14; D.E. 27-2.) The Board sustained the violation and revoked Petitioner's parole. (D.E. 27-1 at 13-15; D.E. 27-2 at 30-31.)

Clifton appealed the decision to the BOPP on May 24, 2011.

(D.E. 27-1 at 16-17.)  The Board denied the appeal on July 6, 2011. (D.E. 27-1 at 18.)  Petitioner attempted to appeal to the Chancery Court of Davidson County; however, the notice of appeal was returned "unfiled" on October 5, 2011, because he failed to pay outstanding court costs from a previous matter.  (D.E. 1 at 46-49.)  On October 28, 2011, the inmate filed the instant petition alleging that he was denied due process during his parole revocation hearing on March 31, 2011.  (D.E. 1.)

## Analysis

Respondent contends the petition should be dismissed as barred by procedural default because the claims were not fairly or adequately presented to the state courts and no mechanism to exhaust those claims exists.  (D.E. 24-1 at 3.)  Petitioner responds that he was unfairly prevented from filing his appeal to the Davidson County Chancery Court because of his failure to pay outstanding fees.

Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts.  <u>Cullen v. Pinholster</u>, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011), *reh'g denied*, ___ U.S. ___, 131 S. Ct. 2951, 180 L. Ed. 2d 239 (May 31, 2011).  The

4

petitioner must "fairly present"¹ each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 838, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999).

Decisions of the BOPP are subject to limited review by the common law writ of certiorari using the procedures set out in Tenn. Code Ann. § 27-9-101 et seq. See Baldwin v. Tennessee Bd. of Paroles, 125 S.W.3d 429, 433 (Tenn. Crim. App. 2003). Such petitions must be filed within sixty (60) days from the entry of the order or judgment for which review is sought. Tenn. Code Ann. § 27-9-102; Wheeler v. City of Memphis, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984). If a timely administrative appeal is pursued, the sixty (60) days period begins to run upon entry of the final decision from the administrative appeal. Moore v. Tennessee Bd. of Prob. and Parole, App. No. M2003-03110-COA-R3-CV, 2005 WL 1025763, at *3 n.3 (Tenn. Ct. App. May 02, 2005). Failure to file a petition for a writ of certiorari within the

---

¹For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed.2d 3 (1982) (per curiam) (internal citations omitted). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996), reh'g denied, 518 U.S. 1047, 117 S. Ct. 22, 135 L. Ed. 2d 1116 (Aug. 27, 1996).

statutorily mandated time requires dismissal of the petition. Gore v. Tennessee Dep't of Corr., 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003); *see also* Hickman v. Tennessee Bd. of Paroles, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2002); Johnson v. Metro. Gov't of Nashville and Davidson Cnty., 54 S.W.3d 772, 774-75 (Tenn. Ct. App. 2001); Thandiwe v. Traughber, 909 S.W.2d 802, 803-804 (Tenn. Ct. App. 1994). A failure to file within the statutory time results in the Board's decision becoming final, and once the decision has become final, the Chancery Court is deprived of jurisdiction. Thandiwe, 909 S.W.2d at 804 (citing Wheeler, 685 S.W.2d at 6).

Clifton's appeal to the BOPP was denied on July 6, 2011. (D.E. 27-1 at 18.) He had sixty days from that date to file an appeal to the Chancery Court. Although he attempted to file an appeal to the Davidson County Chancery Court, that appeal was returned "unfiled" because Petitioner had unpaid court costs from a previous matter. (D.E. 1 at 46-49.) The state court indicated that it would not file the appeal until prior fees, taxes, costs, or other expenses assessed to Petitioner were paid in full. (D.E. 1 at 49.) The inmate had previously been notified of the outstanding charges upon his release on parole. (D.E. 27-1 at 3.)

The procedural default doctrine is ancillary to the exhaustion requirement. *See* Edwards v. Carpenter, 529 U.S. 446,

6

452-53, 120 S. Ct. 1587, 1592, 146 L. Ed. 2d 518 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine).  If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred from seeking federal habeas review.  Wainwright v. Sykes, 433 U.S. 72, 81-82, 97 S. Ct. 2497, 2503-04, 52 L. Ed. 2d 594 (1977), *reh'g denied*, 434 U.S. 880, 98 S. Ct. 241, 54 L. Ed. 2d 163 (Oct. 3, 1977); *see* Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991)(a federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment"), *reh'g denied*, 501 U.S. 1277, 112 S. Ct. 27, 115 L. Ed. 2d 1109 (Sept. 13, 1991).  If a claim has never been presented to the state courts, but a state court remedy is no longer available (*e.g.*, when an applicable statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred.  Coleman, 501 U.S. at 732, 111 S. Ct. at 2555; *see* Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004) (the procedural default doctrine prevents circumvention of the exhaustion doctrine), *cert. denied*, 544 U.S. 928, 125 S. Ct. 1653, 161 L. Ed.2d 490 (2005).

Under either scenario, a petitioner must show "cause" to excuse his failure to present the claim fairly and "actual prejudice" stemming from the constitutional violation or, alternatively, that a failure to review the claim will result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 318-22, 115 S. Ct. 851, 862-64, 130 L. Ed. 2d 808 (1995); Coleman, 501 U.S. at 750, 111 S. Ct. at 2565. The latter showing requires a petitioner to establish that a constitutional error has probably resulted in the conviction of a person who is actually innocent of the crime. Schlup, 513 U.S. at 321-22, 115 S. Ct. at 864; *see* House v. Bell, 547 U.S. 518, 536-539, 126 S. Ct. 2064, 2076-78, 165 L. Ed. 2d 1 (2006) (restating the ways to overcome procedural default and further explaining the actual innocence exception).

Clifton has not established cause and prejudice for his procedural default. He contends that Davidson County Chancery Court violated his due process rights by failing to file his appeal. A habeas petitioner cannot circumvent the exhaustion requirement by not complying with state procedural rules. *See* Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir. 2001). Because Petitioner did not follow the court rules in filing his appeal with the Davidson County Chancery Court, he has not fully exhausted his habeas claims in the Tennessee courts. Whether the state court properly refused his appeal for nonpayment of

8

court costs constitutes a state law issue.  Error in the application of state law is not cognizable in federal habeas proceedings.  *See* Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 875, 70 L. Ed. 2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.).

Therefore, the Court GRANTS Respondent's motion to dismiss the petition as barred by Petitioner's procedural default.  The remaining motions (D.E. 33, D.E. 34, & D.E. 36) are DENIED as MOOT.  Judgment shall be entered for Respondent.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition.  Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005), *reh'g & reh'g en banc denied* (Jan. 10, 2006).  The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Cockrell, 537 U.S. at 336, 123 S. Ct. at 1039 (internal quotation marks omitted); *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir.) (per curiam) (same), *cert. denied*, 555 U.S. 1160, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). A COA does not require a showing that the appeal will succeed. Cockrell, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that the claims in this petition are barred by procedural default. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the

district court may proceed *in forma pauperis* on appeal unless the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*.  In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.2

       IT IS SO ORDERED this 12th day of March 2013.

                             s/J. DANIEL BREEN
                             UNITED STATES DISTRICT JUDGE

---

2 If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).