IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRY LEE CLIFTON,

    Petitioner,

v.                                          No.    1:11-cv-01347-JDB-egb

GERALD McALLISTER,

    Respondent.

---

ORDER DIRECTING PARTIES TO
SUBMIT BRIEFS ON
THE CONSTITUTIONALITY OF
RULE 1100-01-01-.15
OF THE TENNESSE BOARD OF PAROLES

---

      This is a habeas corpus proceeding brought by a state prisoner, Terry Lee Clifton, pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) An amended petition ("Petition") was filed April 13, 2015. (D.E. 64-1.) The Petition did not challenge the underlying criminal conviction but instead arises from the decision of the Tennessee Parole Board to revoke Petitioner's parole following a hearing conducted on March 31, 2011. (*Id.* at ¶ 41.) On April 21, 2015, an agreed protective order was filed in order to protect the "confidential" and "private information" filed under seal by Respondent. (D.E. 67.) Clifton filed a motion for summary judgment on November 20, 2015. (D.E. 73.) On March 8, 2016, this Court granted Petitioner's motion, holding that the parole revocation proceeding conducted in 2011 did not comport with minimum due process requirements and ordered the State of Tennessee Board of Probation and Parole to conduct a new hearing. (D.E. 81.) On April 5, 2016, Clifton filed a motion to set aside

1

the agreed protective order and unseal the records, or in the alternative, to amend the protective order to allow Petitioner to access the files that the Board used to make its determination. (D.E. 83.) In its response in opposition, Respondent argues that the records under seal are confidential and should remain as such pursuant to Tennessee Board of Parole Rule 1100-01-01-.15 (the "Confidentiality Rule"). (D.E. 84.)

It is well-established law that the decision to grant parole is discretionary and solely within the purview of the Tennessee Board of Paroles. *See* Tenn. Code Ann. § 40-28-116(a)(1) (Supp. 1999). "Nevertheless, because a [parolee]'s conditional freedom from incarceration is at risk, []he must be afforded due process in the revocation proceeding. The United States Supreme Court set forth the minimum requirements of due process in [parole revocation] hearings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593 (1972)." *Moss v. Tennessee Bd. of Paroles*, No. M200000128COAR3CV, 2000 WL 1425278, at *2 (Tenn. Ct. App. Sept. 28, 2000); *see State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993).

> The minimum requirements mandated by the Due Process Clause include (a) a written notice of the alleged violation that justifies the revocation of the accused's community corrections sentence, (b) *the disclosure of the evidence that supports the alleged violation*, (c) the opportunity to be heard in person and present evidence in support of his or her defense, (d) the right to confront the state's witnesses, and (e) a neutral and detached trier of facts introduced by the respective parties to the proceeding.

*State v. Ray*, No. 01C019501CR00022, 1995 WL 464743, at *2 (Tenn. Crim. App. Aug. 4, 1995) (emphasis added). Tennessee courts have "held that a [parolee] may not be subjected to a revocation upon evidence [that] he had no opportunity to hear, test by cross-examination or refute by contrary evidence." *State v. Butler*, W2006-01300-CCA-R3CD, 2006 WL 3837238, at *3 (Tenn. Crim. App. Dec. 28, 2006); *see also Nixon v. Quick*, 781 A.2d 754, 761 (D.C. 2001) ("The parolee's right to scrutinize documents containing incriminating information that will be

2

used against him at his revocation hearing is just as important as his right to question adverse witnesses.").

The Confidentiality Rule provides the following:

(a) The following information may be contained in the Board's file and is considered confidential by the Board and will not be released unless listed as an exception under rule 1100-01-01-.15(3):[1]

1. Psychological evaluations provided, however, that such may be released to mental health officials who are treating the offender if a release of information form signed by the offender is presented with the request.

2. Offense Report.

3. Medical Records.

4. Contents of probation and parole staff chronological records, contact notes.

5. Probation/Parole Officers' statements accompanying violation reports

6. Written clemency recommendations to the Governor.

7. Statements in opposition of an offender by victims, families of victims, victims' representatives, families of inmates, private citizens who request confidentiality, and public officials who request confidentiality.

8. Victim impact statements.

9. Internal Affairs investigative reports.

10. Any reports or information generated by other agencies.

11. Other information, the release of which the Board specifically finds would be a serious safety risk to the public, staff, parolee or inmate.

Despite the minimum due process requirements established by the *Morrissey* Court, the totality of the Confidentiality Rule severely restricts the ability of the parolee to access the evidence to be used against him.

---

[1] The exceptions listed under 1100-01-01-.15(3) specify the information that may be released to certain officials to assist in an official investigation. No exceptions allow the parolee to have any of the above evidence disclosed to him or her.

Accordingly, the parties are hereby DIRECTED to submit briefs to the Court on how Tennessee Board of Parole Rule 1100-01-01-.15 comports with the due process requirements of *Morrissey*, specifically the requirement for the disclosure of evidence supporting the alleged violation. Briefs are to be filed within eleven days of the entry of this order and not to exceed ten pages in length, with citations to authority.

IT IS SO ORDERED this 22nd day of April 2016.

s/ J. DANIEL BREEN_____
CHIEF UNITED STATES DISTRICT JUDGE