IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRY LEE CLIFTON,

      Petitioner,

v.                                              No.     1:11-cv-01347-JDB-egb

GERALD McALLISTER, Warden,

      Respondent.

---

ORDER GRANTING PETITIONER'S MOTION
TO AMEND THE PROTECTIVE ORDER TO ALLOW
PETITIONER ACCESS AND USE OF THE PROTECTED DOCUMENTS

---

      This is a habeas corpus petition brought by Tennessee state prisoner, Terry Lee Clifton, pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) An amended petition ("Petition") was filed April 13, 2015. (D.E. 64-1.) The Petition arises from the decision of the Tennessee Parole Board to revoke Petitioner's parole following a hearing conducted on March 31, 2011. (*Id.* at ¶ 41.) On April 21, 2015, an agreed protective order was filed in order to protect the "confidential" and "private information" filed under seal by Respondent, Warden Gerald McAllister. (D.E. 67.) Clifton filed a motion for summary judgment on November 20, 2015. (D.E. 73.) On March 8, 2016, this Court granted Petitioner's motion, holding that the parole revocation proceeding conducted in 2011 did not comport with minimum due process requirements and ordered the State of Tennessee Board of Probation and Parole to conduct a new hearing. (D.E. 81.) On April 5, 2016, Clifton filed a motion to set aside the agreed protective order and unseal the records, or in the alternative, to amend the protective order to allow

Petitioner access to the files that the Board used to make its determination. (D.E. 83.) In its response in opposition, Respondent argues that the records under seal are confidential and should so remain pursuant to Tennessee Board of Parole Rule 1100-01-01-.15 (the "Confidentiality Rule"). (D.E. 84.)

It is well-established law that the decision to grant parole is discretionary and solely within the purview of the Tennessee Board of Paroles. *See* Tenn. Code Ann. § 40-28-116(a)(1) (Supp. 1999). "Nevertheless, because a [parolee]'s conditional freedom from incarceration is at risk, []he must be afforded due process in the revocation proceeding. The United States Supreme Court set forth the minimum requirements of due process in [parole revocation] hearings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593 (1972)." *Moss v. Tennessee Bd. of Paroles*, No. M200000128COAR3CV, 2000 WL 1425278, at *2 (Tenn. Ct. App. Sept. 28, 2000); *see State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993).

> The minimum requirements mandated by the Due Process Clause include (a) a written notice of the alleged violation that justifies the revocation of the accused's community corrections sentence, (b) *the disclosure of the evidence that supports the alleged violation*, (c) the opportunity to be heard in person and present evidence in support of his or her defense, (d) the right to confront the state's witnesses, and (e) a neutral and detached trier of facts introduced by the respective parties to the proceeding.

*State v. Ray*, No. 01C019501CR00022, 1995 WL 464743, at *2 (Tenn. Crim. App. Aug. 4, 1995) (emphasis added). Tennessee courts have "held that a [parolee] may not be subjected to a revocation upon evidence [that] he had no opportunity to hear, test by cross-examination or refute by contrary evidence." *State v. Butler*, W2006-01300-CCA-R3CD, 2006 WL 3837238, at *3 (Tenn. Crim. App. Dec. 28, 2006); *see also Nixon v. Quick*, 781 A.2d 754, 761 (D.C. 2001) ("The parolee's right to scrutinize documents containing incriminating information that will be used against him at his revocation hearing is just as important as his right to question adverse witnesses.").

The Court in *Morrissey* established that due process requires, among other things, "disclosure to the parolee of [the] evidence against him." *Morrissey*, 408 U.S. at 488. This requirement was "intended to assure that the finding of a parole violation will be based on verified facts." *Strader v. Carlton*, 2012 WL 876873, at *3 (E.D. Tenn. Mar. 14, 2012). During the revocation hearing, "[t]he parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey*, 408 U.S. at 488. "This hearing . . . must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *Id.*

In his opposition to the motion to amend the protective order, Respondent argues that the Court should deny the request pursuant to the well-established "safety exception recognized in *Morrissey* for protecting the informant's identity." (D.E. 90 at 1-2.) Respondent concedes that in cases that do not present the same safety concerns, "*Morrissey* may compel the pre-hearing disclosure of certain information that would otherwise be confidential and non-disclosable under" the Confidentiality Rule. (*Id.* at 2.) However, as Clifton appropriately highlights, the Respondent's alleged safety concerns are wholly undermined by the fact that the identity of the "confidential" informant has never been a secret. (D.E. 91 at 9.) In the July 2010 administrative case review hearing, which preceded Petitioner's initial parole revocation notice of hearing, Tennessee Board of Parolees Officers Bettye Patrick and Charlotte Richey specifically named the accuser. (*Id.*) Indeed, Clifton mentioned her by name numerous times during his actual revocation hearing in his attempt to contest the charges, despite not knowing the substance of the allegations against him. (*See* D.E. 70, recording 3.) Petitioner rightly points out that

> Respondent's "vigorous objection" to the release of the "confidential" records based upon a concern for the "victim's" well-being is disingenuous at best. Nearly six years

have passed since the Respondent's "victim" originally made her vague allegations against [him], and [he] has not engaged in any threatening or untoward behavior toward her . . . . Importantly, Mr. Clifton is not seeking to learn the alleged "victim's" identity, but rather the substance of her specific allegations against him . . . .

(D.E. 91 at 9-10.)

The basis of Respondent's argument against amending the protection order is unfounded. *Morrissey* firmly established that disclosure of the evidence against a parolee is a *minimum* due process requirement by which all states must abide. *Morrissey*, 408 U.S. at 488. Although Respondent avers that "the petitioner has received more than sufficient notice of the alleged parole violation" (D.E. 90 at 2), notice is but one of the numerous minimum requirements established by the Supreme Court, *Morrissey*, 408 U.S. at 488. In order for Clifton to have the ability to adequately prepare a defense, the evidence against him must be disclosed. Anything less would not comport with due process. Accordingly, Petitioner's motion to amend the protective order to allow him access to the files under seal is GRANTED.

IT IS SO ORDERED this 17th day of May 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE